*142 By the Court,
Cowen, J.
The motion for a nonsuit was properly denied. The endorsement to Kepdrick was to create an agency; and might have been stricken out at the trial.(a) It may now be done nunc pro tune.
The transfer to the plaintiffs being for collateral security, did not, it is true, render them bona fide holders in a commercial sense, so as to preclude a defence existing at the time of the transfer; but it carried a qualified property to the plaintiffs, which the payees had no power afterwards to divest or affect in any way. Of this, we think the defendant was bound to take notice at his peril; and that the payment, if any, to B. Fenner & Co. the payees, was therefore in the defendants’ own wrong. The distinction lies between the transfer of a legal and an equitable interest in a chose in action. In the latter case, the debtor may treat with the payee till he has notice; in the former, not.
New trial denied.(b)

 A special endorsement by the plaintiff, appearing on the note at the trial, prima facie the right of action is in the endorsee, and unless the former shows title by a re-transfer, or that the endorsee had no interest beyond a mere agency, the action will fail. Possession of the note by the plaintiff, will not be sufficient to overcome the presumption arising from the endorsement. (Hart et al. v. Windle, 15 Lou.. Rep. (Curry) 265.)

 Benedict v. Dix, (cited 2 Cowen’s Treat. 742, 2d ed. 8. C. p. 462,1st ed.) seems by this case to have been overruled.